## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA
## OKLAHOMA CITY DIVISION

| | |
|---|---|
| JAMES ISAACS, individually and on behalf of all others similarly situated,<br><br>v.<br><br>TOTAL TRUCKING, INC. | **Case No.** CIV-20-996-J<br>FLSA Collective Action |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.    James Isaacs bring this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (FLSA).

2.    Total Trucking, Inc. failed to pay Isaacs, and other hourly workers, overtime as required by federal law.

3.    Instead, Total Trucking paid Isaacs, and workers like him, the same hourly rate, even when they were working more than 40 hours in a workweek.

4.    This collective action seeks to recover the unpaid wages and other damages owed to Isaacs and other hourly workers at Total Trucking.

### JURISDICTION AND VENUE

5.    This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

6.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events at issue occurred in this District and Division.

7.    Isaacs performed work for Total Trucking in this District and Division.

### PARTIES

8.    Isaacs was, at all relevant times, an employee of Total Trucking.

9.      Isaacs was an hourly employee of Total Trucking.

10.     Isaacs worked for Total Trucking from September 2019 until September 2020.

11.     Isaacs' written consent is attached as Exhibit 1.

12.     The class of similarly situated employees or potential class members sought to be certified is defined as:

> **All hourly employees of Total Trucking, Inc. who were, at any point in the past three years, paid "straight time for overtime."**

13.     Total Trucking is an Oklahoma corporation.

14.     Total Trucking's headquarters and principal place of business is in Oklahoma County, Oklahoma.

15.     Total Trucking may be served by service upon its registered agent, **Richard E. Parrish, 10444 Greenbriar Pl., Ste. A, Oklahoma City, OK 73159**, or by any other method authorized by law.

## COVERAGE UNDER THE FLSA

16.     Total Trucking was an employer of Isaacs within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17.     Total Trucking was and is an employer of the Putative Class Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

18.     Total Trucking was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

19.     During at least the last three years, Total Trucking has had gross annual sales in excess of $500,000.

20. Total Trucking was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

21. Total Trucking employs many workers, including Isaacs, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

22. The goods and materials handled, sold, or otherwise worked on by Isaacs, and other Total Trucking employees and that have been moved in interstate commerce include, but are not limited to, motor vehicles and their component parts.

## FACTS

23. Total Trucking provides hauling services for dirt, rock, and earth in and around Oklahoma City.

24. Isaacs was employed as a driver providing hauling services to Total Trucking's clients.

25. Isaacs drove a dump truck to and from worksites.

26. Isaacs would transport dirk, rock, and earth to and from worksites.

27. None of the items Isaacs would transport are hazardous.

28. Isaacs's trucks did not have a hazard placard.

29. Isaacs was an hourly employee of Total Trucking.

30. Total Trucking did not pay Isaacs a salary.

31. Total Trucking did not pay Isaacs on a fee basis.

32. Total Trucking paid Isaacs by the hour.

33. Total Trucking paid Isaacs $17 per hour for drive time.

34.    If Isaacs did not work an hour, he did not get paid.

35.    Isaacs was not paid a guaranteed minimum amount of money.

36.    Isaacs was not paid for a guaranteed minimum number of hours.

37.    Isaacs reported the hours he worked to Total Trucking on a regular basis.

38.    Isaacs hours are reflected in Total Trucking's records.

39.    Isaacs often worked more than 40 hours in a week.

40.    Even when Isaacs worked more than 40 hours in a week, he was still paid at the same rate, without any overtime premium.

41.    For example, during the week of August 20, 2020, Isaacs had 55 hours of drive time for Total Trucking.

42.    Isaacs was paid $17 per hour for each of those 55 drive time hours worked during the week of August 20, 2020.

43.    And Isaacs worked 70 drive time hours during the week of September 10, 2020.

44.    But Isaacs was paid only $17 per hour for each drive time hour worked during the week of September 10, 2020.

45.    Thus, rather than receiving time-and-a-half as required by the FLSA, Isaacs only received "straight-time" pay for overtime hours.

46.    This "straight-time-for-overtime" payment scheme violates the FLSA.

47.    Isaacs worked out of Total Trucking's facility in Oklahoma City.

48.    Isaacs did not drive for Total Trucking outside of the Oklahoma City area.

49.    As part of his driving for Total Trucking, Isaacs did not drive to any other states.

50.     The other drivers, like Isaacs, who performed hauling work for Total Trucking, did not drive out of state.

51.     None of these drivers were asked to travel out of state.

52.     Total Trucking was well aware of the overtime requirements of the FLSA.

53.     Total Trucking knew Isaacs was working more than 40 hours per week.

54.     Total Trucking knew other hourly workers were working more than 40 hours per week.

55.     Total Trucking nonetheless failed to pay proper overtime to certain employees, such as Isaacs.

56.     Total Trucking knew, or showed reckless disregard for whether, its policy of not calculating and paying overtime at the full, regular hourly rate violated the FLSA.

57.     Total Trucking's failure to pay overtime to these workers was, and is, a willful violation of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

58.     Total Trucking's illegal "straight time for overtime" policy extends well beyond Isaacs.

59.     It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV.A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *see also*, *e.g.*, *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV.A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

60.     Total Trucking has paid numerous hourly workers according to the same unlawful scheme.

61.     Any differences in job duties do not detract from the fact that these hourly workers were entitled to overtime pay.

62.     The workers impacted by Total Trucking's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b).

### CAUSE OF ACTION–OVERTIME VIOLATIONS OF THE FLSA

63.     Isaacs incorporates all other allegations.

64.     By failing to pay Isaacs and the Putative Class Members overtime at 1.5 times their regular rates, Total Trucking violated the FLSA. 29 U.S.C. § 207(a).

65.     Total Trucking owes Isaacs and the Putative Class Members the difference between the rate actually paid and the proper overtime rate.

66.     Because Total Trucking knew, or showed reckless disregard for whether, its pay practices violated the FLSA, Total Trucking owes these wages for at least the past three years.

67.     Total Trucking also owes Isaacs and the Putative Class Members an amount equal to the unpaid overtime wages as liquidated damages.

68.     Isaacs and the Putative Class Members are entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

### RELIEF SOUGHT

69.     Wherefore, Isaacs prays for judgment against Total Trucking as follows:

(a)     For an order certifying this case as a collective action for the purposes of the FLSA claims;

(b)     For an order finding Total Trucking liable for violations of state and federal wage laws with respect to Isaacs and all Putative Class Members covered by this case;

(c)     For a judgment awarding all unpaid wages, liquidated damages, and/or penalty damages, to Isaacs and all Putative Class Members covered by this case;

(d)     For a judgment awarding Isaacs and all Putative Class Members covered by this case their costs of this action;

(e)     For a judgment awarding Isaacs and all Putative Class Members covered by this case their attorneys' fees;

(f)     For a judgment awarding Isaacs and all Putative Class Members covered by this case pre- and post-judgment interest at the highest rates allowed by law; and

(g)     For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Matthew S. Parmet*

By: _____

**Matthew S. Parmet**
Texas Bar # 24069719
**PARMET PC**
3 Riverway, Ste. 1910
Houston, Texas 77056
phone  713 999 5228
matt@parmet.law

**Attorneys for Plaintiff**