**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| JAMES ISAACS, individually and on behalf of all others similarly situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | Case No. CIV-20-996-J |
| TOTAL TRUCKING, INC., | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court are Defendant's Motion to Vacate Judgment [Doc. No. 50] and Motion for Judicial Notice [Doc. No. 60] and Plaintiffs' Motion for Partial Reconsideration of October 21, 2022 Order [Doc. No. 61] and Motion for Leave to File Evidence under Seal [Doc. No. 63]. These motions have been fully briefed.

## I. Background

On October 1, 2020, Plaintiff James Isaacs filed this collective action wage and hour case under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. On January 25, 2021, the Court entered an Order Approving Conditional Certification [Doc. No. 20]. A number of additional plaintiffs filed consents to join the collective action. *See* [Doc. Nos. 5, 22-31, and 35]. On August 27, 2021, Defendant filed an Offer of Judgment [Doc. No. 46], and on September 1, 2021, Plaintiffs filed a Notice of Acceptance of Offer of Judgment [Doc. No. 47]. Based upon Defendant's offer of judgment and Plaintiffs' acceptance, the Court entered judgment in this case on September 2, 2021. *See* [Doc. No. 48]. Subsequently, two related cases were filed, *Isaacs, et al. v. Total Aggregate LLC, et al.*, CIV-21-945-J (Isaacs 2) and *McMahan v. Total Trucking, Inc.*,

CIV-22-243-J (McMahan). Plaintiffs have now filed a motion to vacate judgment, and the parties have filed numerous related motions.

## II. Motion for Judicial Notice

Defendant requests the Court take judicial notice of the docket and documents on file in Isaacs 2 and McMahan. This Court can take judicial notice of its own records in other cases closely related to the case before it. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979). Accordingly, the Court grants Defendant's request.

## III. Motion to Vacate Judgment

Defendant moves the Court, pursuant to Federal Rule of Civil Procedure 60(b)(1), for an order vacating Defendant's offer, Plaintiffs' acceptance, and the judgment in this case and directing Plaintiffs to return the $25,000 to Defendant's counsel. Rule 60(b)(1) provides, in pertinent part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Defendant asserts that it authorized its counsel to engage in settlement discussions with Plaintiffs' counsel but did not give its counsel any authority to admit fault on behalf of Defendant. Because its counsel did not have the authority to take actions that would admit fault, and because Defendant believes that the plaintiffs in Isaacs 2 and McMahan will seek to use the judgment in this case against the defendants in those cases as evidence of fault and/or liability, Defendant asserts the judgment in this case should be vacated pursuant to Rule 60.

Having reviewed the parties' submissions, the Court concludes there was no mistake made by Plaintiff's counsel and that the offer, acceptance, and judgment entered in this case fell within the authority Defendant gave to its counsel to settle this case. The judgment entered in this case is not a judgment on the merits and does not serve as an admission of liability, fault, or wrongdoing

on the part of Defendant. In fact, the plaintiffs in Isaacs 2 admit that the judgment in this case was not a final judgment on the merits. *See* Plaintiffs' First Amended Collective Action Complaint [Doc. No. 10] in Isaacs 2 at 23.[1] Accordingly, the judgment in this case should not be vacated.

## IV. Motion for Partial Reconsideration of October 21, 2022 Order

Plaintiffs request the Court to reconsider the portion of its October 21, 2022 Order [Doc. No. 58] expressly granting Defendant leave to supplement its Motion to Vacate Judgment. In light of the Court's denial of Defendant's Motion to Vacate Judgment, the Court finds that Plaintiffs' motion is now moot.

## V. Motion for Leave to File Evidence under Seal

Plaintiffs also request to file the mediation agreement and the redacted settlement communication under seal. Due to the nature of these documents, the Court finds that they should be filed under seal.

## VI. Plaintiffs' Request for an Award of Their Attorneys' Fees and Costs

Finally, Plaintiffs assert that they are entitled to recover the attorneys' fees they incurred in responding to Defendant's motion to vacate. Having reviewed the parties' submissions, and considering the totality of the circumstances, the Court finds no award of attorneys' fees is warranted.

## VII. Conclusion

For the reasons set forth above, the Court GRANTS Defendant's Motion for Judicial Notice [Doc. No. 60], GRANTS Plaintiffs' Motion for Leave to File Evidence under Seal [Doc.

---

[1] While the plaintiffs in Isaacs 2 did not agree to stipulate that the judgment in this case is not admissible to show liability or fault, *see* [Doc. No. 50] in Isaacs 2 at 2, the Court finds the Isaacs 2 plaintiffs' failure to stipulate, in light of their allegations in the Amended Complaint regarding the judgment in this case, is not sufficient to show any mistake on the part of Defendant's attorney in this case that would warrant the judgment in this case being vacated under Rule 60(b)(1).

No. 63], DENIES Defendant's Motion to Vacate Judgment [Doc. No. 50], and DENIES Plaintiffs' Motion for Partial Reconsideration of October 21, 2022 Order [Doc. No. 61] as MOOT.

IT IS SO ORDERED this 29th day of December, 2022.

BERNARD M. JONES
UNITED STATES DISTRICT JUDGE